

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 5, 1939

Honorable T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-841
Re: Effect upon superintendent's
contract by the grouping of
a common consolidated school
district with others for
rural high school purposes.

We are in receipt of your letter of May 17,
1939, wherein you request our opinion in response to the
following question:

"Is the remaining year of a two-
year contract valid which was made and
entered into between the trustees of a
common consolidated school district and
a superintendent, when during the dura-
tion of the contract the school district
was grouped with others for rural high
school purposes?"

Article 2750a, Revised Civil Statutes, reads as
follows:

"That trustees of any common school
district or consolidated common school
district shall have authority to make con-
tracts for a period of time not in excess
of two (2) years with principals, superin-
tendents, and teachers of said common school
districts or consolidated common school
districts, provided that such contracts
shall be approved by the County Superinten-
dent. No contract may be signed by the
trustees until the newly elected trustee
has qualified and taken the oath of office."



Article I, Section 16, of the State Constitution, reads as follows:

"No bill of attainder, ex post facto law, retroactive law, or any law impairing the obligation of contracts, shall be made."

The making of the contract to which you refer was expressly authorized by statute as noted above. We assume that the contract was executed and approved by the county superintendent in such manner as to make the same a valid contract of the school district for whom the trustees were acting. It is probable that this district did not entirely lose its corporate identity when it was grouped with others for rural high school purposes, but that same is still in existence insofar as the maintenance of an elementary school therein is concerned. Chastain vs. Mauldin, 32 S. W. (2d) 235; County Board of School Trustees vs. Wilson, 5 S. W. (2) 805; McPhail vs. Tax Collector, 280 S. W. 260; Article 2922a-f, Revised Civil Statutes. Whether this be true or not, however, it is our opinion that the superintendent could not be deprived of his contract by the grouping order.

Constitutional provisions against the passage of laws impairing the obligations of existing contracts apply to contracts made by the State as well as by individuals. 6 R.C.L. 333; 12 C.J. 996 and 1014. The same likewise applies to contracts of municipalities. Young vs. City of Colorado, 174 S. W. 986.

Assuming that the superintendent has done nothing to surrender his rights under the contract, our answer to your question is that the same is valid for the remaining year.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By  (Signed)
Glenn R. Lewis
Assistant

GRL:FC

APPROVED:
(Signed) Gerald C. Mann

Approved.